IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANTE JORDAN, | : |
| Plaintiff, | : |
| vs. | : Civil action No. |
| CSX TRANSPORTATION, INC., AND JOHN DOES 1-3 | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## NOTICE OF REMOVAL

Defendant CSX Transportation, Inc. (CSXT) files this notice to remove this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff originally filed this action in the Philadelphia County Court of Common Pleas, Case No. 231200569, where the action is currently pending.

**I.   NATURE OF THE ACTION**

1. Plaintiff's claims arise from an incident that occurred on December 9, 2021, where a CSXT locomotive was allegedly involved in a collision with a SEPTA trolley in Darby, PA. *See* Complaint, attached as Exhibit "A" at ¶ 7-9.

2. Plaintiff alleges that she was operating a SEPTA trolley on that date and that a CSXT train "violently and forcefully collided" with the trolley Plaintiff was operating. *Id.* ¶ 9.

3. Plaintiff alleges claims against CSXT based on its carelessness and negligence. *Id.* ¶ 19(a)-(q).

## II. <u>REMOVAL IS TIMELY</u>

4. On December 5, 2023, Plaintiff initiated this lawsuit by filing a Complaint in the Philadelphia County Court of Common Pleas, Case No. 230102737. A copy of all documents filed on the Philadelphia County docket is attached as Exhibit "B."

5. Defendant CSXT was served with a copy of the Complaint on January 9, 2024. See Affidavit of Service, a copy of which is attached as Exhibit "C."

6. The deadline to remove this matter expires on February 8, 2024. 28 U.S.C. § 1446.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed "within thirty days after receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

8. No other Defendants have been named in this action, so consent is not needed from any other named Defendants.

9. Consent from fictitious defendants is not necessary. *Bonilla-Paul v. Walmart, Inc.*, No. CV 19-4079, 2019 WL 13071987, at *1 (E.D. Pa. Nov. 22, 2019) ("[I]t is nonsensical to require a removing defendant to obtain consent from a John Doe defendant that the plaintiff has not affirmatively identified in the operative pleading.").

## III. <u>JURISDICTION</u>

10. This Court has original jurisdiction under 28 U.S.C. § 1332, because complete diversity exists between the parties and because the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a).

11. Venue is proper in this Court because the United States District Court for the Eastern District of Pennsylvania is the district embracing the state court where this Action is pending. *See* 28 U.S.C. § 1441(a).

**A.      Citizenship of the Parties**

12. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because complete diversity exists between Plaintiffs and the Defendants.

13. Plaintiff alleges that she is a resident of Pennsylvania "residing at the above captioned address" min Paragraph 1 the Complaint, Ex. A at ¶ 1.

14. The caption lists her address as "100 FRANKLIN STREET, MORRISTON, NJ 07960" in the caption. Ex. A at Caption.

15. Thus, Plaintiff is either a resident of Pennsylvania or New Jersey.

16. CSXT is a Virginia corporation with its principal place of business in Jacksonville, Florida. *See* Printout from the State of Florida Division of Corporations' website, located: https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=ForwardList&searchNameOrder=CSXTRANSPORTATION%208060993&aggregateId=forp-806099-d855ad42-7d14-4daf-b212-bb91e0f08672&searchTerm=csx&listNameOrder=CSXREALESTATEHOLDINGS%20P070000367480, attached as Exhibit "D."

17. While the Complaint alleges, without support, that CSXT is incorporated in Pennsylvania, the Court may disregard that allegation and take judicial notice of public records showing that CSXT is a Virginia corporation with its principal place of business in Florida. *Gentry v. Sikorsky Aircraft Corp.,* 383 F. Supp. 3d 442, 454 (E.D. Pa. 2019) (rejecting plaintiff's unsupported assertion of citizenship of corporation and considering public records and other

evidence showing defendant was incorporated in Delaware, not Connecticut as plaintiff had alleged).

18. While Plaintiff also brings claims against several "John Doe" defendants, the citizenship of the unidentified and fictitiously named defendants need not be considered for purposes of evaluating whether complete diversity exists. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Brooks v. Purcell*, 57 F. App'x 47, 51 (3d Cir. 2002) (disregarding the "John Doe" and "Jane Doe" defendants as fictitious pursuant to 28 U.S.C. § 1441 whose citizenship must be disregarded for purposes of determining diversity jurisdiction).

### B. Amount in Controversy

19. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

20. Although CSXT denies any and all liability, the Complaint alleges a claim for damages related to "severe and disabling injuries resulting in a serious impairment of bodily function and permanent injuries including but not limited to back injuries, knee injuries and excruciating physical pain and emotional anguish and a severe shock to her entire nervous system and other secondary problems and complications." *See* Compl. ¶12.

21. Plaintiff alleges that she has "been forced to expend and will be forced to expend in the future large and various amounts of money for hospitalization, medical care, surgical care, injections, and/or rehabilitative care to attend to, treat alleviate, minimize and/or cure herself of the aforementioned injuries." *Id.* ¶ 13.

22.  If liability is imposed and damages are awarded in this case (which the Defendants contest), the damages Plaintiff will seek will exceed $75,000 due to the nature of the allegations involving a train colliding with a trolley and the damages Plaintiff alleges in the Complaint.

**IV.  CONCLUSION**

23.  Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because complete diversity exists between the Defendants and Plaintiff, and the amount in controversy exceeds $75,000.

                **DUANE MORRIS LLP**

                */s/ Harry M. Byrne*
Sharon L. Caffrey (49519)
Harry M. Byrne (311733)
Melissa A. Ruth (322949)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: +1 215 979 1000
Fax: +1 215 979 1020
slcaffrey@duanemorris.com
hmbyrne@duanemorris.com
maruth@duanemorris.com

*Attorneys for Defendant CSX Transp., Inc.*

Dated: January 29, 2024

5

## CERTIFICATE OF SERVICE

I certify that on January 29, 2024, I caused a copy of the foregoing Notice of Removal to be served following counsel of record by regular mail and by Federal Express as follows.

SHANTE JORDAN
100 FRANKLIN STREET
MORRISTOWN, NJ 07960
*Plaintiff*

/s/ *Harry M. Byrne*
Harry M. Byrne