# EXHIBIT A



MAJOR NON-JURY
ASSESSMENT OF DAMAGES
IS REQUIRED

LAW OFFICES OF CRAIG A. ALTMAN, ESQUIRE
BY: ALLAN J. AIGELDINGER, III, ESQUIRE
I.D. #: 72739
19 S. 21st STREET
PHILADELPHIA, PA 19103
(215)569-4488

ATTORNEY FOR
PLAINTIFF(S)

| | |
|---|---|
| SHANTE JORDAN<br>100 FRANKLIN STREET<br>MORRISTON, NJ 07960<br><br>         VS.<br><br>CSX TRANSPORTATION, INC.<br>C/O C.T. CORPORATION SYSTEM<br>600 N. 2ND STREET<br>SUITE 401<br>HARRISBURG, PA 17101<br>     AND<br>JOHN DOE 1-3<br>UNKNOWN ADDRESS<br>     AND<br>JOHN DOE CORPORATION 1-3<br>UNKNOWN ADDRESS | : PHILADELPHIA COUNTY COURT OF<br>: COMMON PLEAS<br>:<br>:         TERM, 2023<br>: NUMBER:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT IN CIVIL ACTION

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET

BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

    PHILADELPHIA BAR ASSOCIATION

    LAWYER REFERRAL and INFORMATION SERVICE

    One Reading Center

    Philadelphia, Pennsylvania 19107

    (215) 238-6333

    TTY: (215) 451-6197

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

    ASSOCIACION DE LICENDIADOS DE FILADELFIA

    SERVICIO DE REFENCIA E INFORMACION LEGAL

    One Reading Center

    Filadelfia, Pennsylvania 19107

    Teléfono: (215) 238-6333

        TTY: (215) 451-6197

Case ID: 231200569

1. Plaintiff is an adult individual who, at all times relevant hereto, is a citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

2. Defendant CSX TRANSPORTATION, INC. (hereinafter referred to as "D1") is business and/or governmental entity, organized and existing by virtue of the laws of the Commonwealth of Pennsylvania with a principle place of business at the above captioned address.

3. Defendant JOHN DOE 1-3 (hereinafter referred to a "D2") is an adult individual, residing at the above-captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

4. Defendant JOHN DOE CORPORATION 1-3 (hereinafter referred to as "D3") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A

reasonable search to determine the actual name of the defendant has been conducted.

5. At all times material hereto the defendant "D1" and/or defendant "D2" and/or defendant "D3" acted and/or failed to act by and through it's agents, servants, workmen and/or employees defendant "D2" acting in the course and scope of his/her employment.

6. At all times relevant hereto, defendant, "D1" and/or defendant "D2" and/or defendant "D3" owned, operated and controlled a locomotive and train cars (hereinafter referred to as "Defendant Vehicle").

7. At all times relevant hereto, plaintiff operated and controlled a trolley owned by SEPTA (hereinafter referred to as "Plaintiff Vehicle") westbound on Main Street at or near the intersection of 6th Street in the Borough of Darby, in the County of Delaware, in the Commonwealth of Pennsylvania (hereinafter referred to as "intersection").

8. At all times material hereto, defendant "D1 and/or defendant "D2" and/or defendant "D3" operated and controlled the "Defendant Vehicle" at or near the intersection.

9. On or about December 9, 2021, at or about 8:30 a.m., the "Defendant Vehicle" violently and forcefully collided with "Plaintiff Vehicle" (hereinafter referred to as "collision").

10. As a result of the aforementioned collision the plaintiff was violently and forcefully thrown against the interior portion of the "Plaintiff Vehicle" causing plaintiff to sustain the injuries

Case ID: 231200569

set forth below.

11. The aforementioned collision was caused by the joint and several carelessness and negligence of defendant "D1" and/or defendant "D2" and/or defendant "D3" as set forth below and was in no manner due to any act or omission on the part of the plaintiff.

12. As a result of the carelessness and negligence of the Defendants, Plaintiff suffered severe and disabling injuries resulting in a serious impairment of bodily function and permanent injuries including but not limited to back injuries, knee injuries and excruciating physical pain and emotional anguish and a severe shock to her entire nervous system and other secondary problems and complications, the full extent of which are not yet known, some or all of which are permanent in nature.

13. As a further result of the carelessness and negligence of the Defendants, Plaintiff has been forced to expend and will be forced to expend in the future large and various amounts of money for hospitalization, medical care, surgical care, injections, and/or rehabilitative care to attend to, treat alleviate, minimize and/or cure herself of the aforementioned injuries.  Said amounts of money exceed the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

14. As a further result of the carelessness and negligence of the Defendants, Plaintiff has or may suffer a severe loss of earnings and impairment of her earning capacity and power.  Said loss of earnings and/or impairment exceeds the sums recoverable

pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

15. As a further result of the carelessness and negligence of the Defendants, Plaintiff has been unable to follow her usual occupation and will be unable to folllow same for an indefinite period of time into the future thereby losing the income which would have come to her through employment and exceeds the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

16. As a further result of the carelessness and negligence of the Defendants, Plaintiff has been prevented from performing her usual and daily activities and duties and will be prevented from attending to these activities and duties for an indefinite time into the future all to her great embarrassment, humiliation, detriment and loss and loss of life's pleasures and enjoyment.

## COUNT I
### PLAINTIFF, SHANTE JORDAN v. DEFENDANT, "D1"

17. Plaintiff incorporates paragraphs 1 through 16 as though same were set forth herein at length.

18. Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the doctrine of respondeat superior.

19. The carelessness and negligence of the Defendant consisted of the following:

   (a) Negligently entrusting the "Defendant Vehicle" to defendant's employees, who were known to said defendant

Case ID: 231200569

   as having a propensity for negligent operation of a trolley;

(b) Negligently entrusting the "Defendant Vehicle" to defendant's employees who was known to said Defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the "Defendant Vehicle" under the circumstances;

(c) Failing to adequately inspect, repair, and/or maintain the "Defendant Vehicle";

(d) Failing to properly and adequately monitor the performance of its agent, servant, workman and/or employee.

(e) failing to have and keep the "Defendant Vehicle" under proper and adequate control;

(f) failing to maintain and keep a proper and adequate lookout;

(g) operating the "Defendant Vehicle" at a high and excessive rate of speed under the circumstances;

(h) failing to make proper use of the instrumentalities in the Defendant's possession and control so as to avoid the "Collision";

(I) causing the "Defendant Vehicle" to collide with the "Plaintiff Vehicle";

(j) failing to remain a safe distance from the "Plaintiff Vehicle" as the "Defendant Vehicle proceeded along the

Case ID: 231200569

    railroad tracks;

(k) failing to use a reasonable degree of skill and/or care in the operation of the "Defendant Vehicle;

(l) operating the "Defendant Vehicle" in a reckless manner without due regard for the rights and safety of other persons lawfully upon the roadway including the Plaintiff;

(m) failing to take such other precautions and employ such other safeguards as would be adequate and sufficient to avoid injury to the Plaintiff;

(n) failing to give adequate and proper signals;

(o) failing to obey the speed limit;

(p) negligence per se;

(q) violating the ordinances and laws of the Commonwealth of Pennsylvania and the United States of America pertaining to the operation of trains;

**WHEREFORE**, Plaintiff demands judgment in her favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdiction's compulsory arbitration limits.

### COUNT II
### PLAINTIFF, SHANTE JORDAN v. DEFENDANT, "D2"

20. Plaintiff incorporates paragraphs 1 through 19 as though same were set forth herein at length.

21. Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the

doctrine of respondeat superior.

22. The carelessness and negligence of the Defendant consisted of the following:

 (a) Negligently entrusting the "Defendant Vehicle" to defendant's employees, who were known to said defendant as having a propensity for negligent operation of a trolley;

 (b) Negligently entrusting the "Defendant Vehicle" to defendant's employees who was known to said Defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the "Defendant Vehicle" under the circumstances;

 (c) Failing to adequately inspect, repair, and/or maintain the "Defendant Vehicle";

 (d) Failing to properly and adequately monitor the performance of its agent, servant, workman and/or employee.

 (e) failing to have and keep the "Defendant Vehicle" under proper and adequate control;

 (f) failing to maintain and keep a proper and adequate lookout;

 (g) operating the "Defendant Vehicle" at a high and excessive rate of speed under the circumstances;

 (h) failing to make proper use of the instrumentalities in the Defendant's possession and control so as to avoid the

"Collision";

(I)  causing the "Defendant Vehicle" to collide with the "Plaintiff Vehicle";

(j)  failing to remain a safe distance from the "Plaintiff Vehicle" as the "Defendant Vehicle" proceeded along the railroad tracks;

(k)  failing to use a reasonable degree of skill and/or care in the operation of the "Defendant Vehicle;

(l)  operating the "Defendant Vehicle" in a reckless manner without due regard for the rights and safety of other persons lawfully upon the roadway including the Plaintiff;

(m)  failing to take such other precautions and employ such other safeguards as would be adequate and sufficient to avoid injury to the Plaintiff;

(n)  failing to give adequate and proper signals;

(o)  failing to obey the speed limit;

(p)  negligence per se;

(q)  violating the ordinances and laws of the Commonwealth of Pennsylvania and the United States of America pertaining to the operation of trains;

**WHEREFORE**, Plaintiff demands judgment in her favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with costs, interest and other relief as is proper and just.  Said amount is in excess of this jurisdiction's compulsory arbitration limits.

Case ID: 231200569

## COUNT III
### PLAINTIFF, SHANTE JORDAN v. DEFENDANT, "D3"

23. Plaintiff incorporates paragraphs 1 through 22 as though same were set forth herein at length.

24. Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the doctrine of respondeat superior.

25. The carelessness and negligence of the Defendant consisted of the following:

   (a) Negligently entrusting the "Defendant Vehicle" to defendant's employees, who were known to said defendant as having a propensity for negligent operation of a trolley;

   (b) Negligently entrusting the "Defendant Vehicle" to defendant's employees who was known to said Defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the "Defendant Vehicle" under the circumstances;

   (c) Failing to adequately inspect, repair, and/or maintain the "Defendant Vehicle";

   (d) Failing to properly and adequately monitor the performance of its agent, servant, workman and/or employee.

   (e) failing to have and keep the "Defendant Vehicle" under proper and adequate control;

   (f) failing to maintain and keep a proper and adequate

Case ID: 231200569

lookout;

(g) operating the "Defendant Vehicle" at a high and excessive rate of speed under the circumstances;

(h) failing to make proper use of the instrumentalities in the Defendant's possession and control so as to avoid the "Collision";

(I) causing the "Defendant Vehicle" to collide with the "Plaintiff Vehicle";

(j) failing to remain a safe distance from the "Plaintiff Vehicle" as the "Defendant Vehicle proceeded along the railroad tracks;

(k) failing to use a reasonable degree of skill and/or care in the operation of the "Defendant Vehicle;

(l) operating the "Defendant Vehicle" in a reckless manner without due regard for the rights and safety of other persons lawfully upon the roadway including the Plaintiff;

(m) failing to take such other precautions and employ such other safeguards as would be adequate and sufficient to avoid injury to the Plaintiff;

(n) failing to give adequate and proper signals;

(o) failing to obey the speed limit;

(p) negligence per se;

(q) violating the ordinances and laws of the Commonwealth of Pennsylvania and the United States of America pertaining to the operation of trains;

Case ID: 231200569

**WHEREFORE,** Plaintiff demands judgment in her favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with costs, interest and other relief as is proper and just.  Said amount is in excess of this jurisdiction's compulsory arbitration limits.

BY: _____
    ALLAN J. AGELDINGER, III, ESQUIRE
    Attorney for Plaintiff(s)

Case ID: 231200569

## VERIFICATION

I am the PLAINTIFF in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief and I understand that the statement made therein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: _____          *[signature]*